**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PARENT A AND PARENT B, AS NEXT FRIEND OF CHILD A, A MINOR** *Plaintiffs* | § § § § | |
| **V.** | § § | **CASE NO. 3:26-cv-01058-N** |
| **COURBIN TUFFORD, FAWN JOHNSON AND LIFE TIME, INC.** *Defendants* | § § § § | **JURY DEMANDED** |

**DEFENDANT LIFE TIME, INC.'S FIRST AMENDED BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Defendant Life Time, Inc. ( "Life Time") hereby files its First Amended Brief in Support of its Response[1] to Plaintiffs' Motion to Remand (ECF No. 5 and 6)*,* and would respectfully show this honorable Court as follows:

### SUMMARY

When individual employees are sued, the threshold question under Texas law is whether each employee owed an "independent duty of reasonable care" apart from the employer's duty. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). Plaintiffs' Motion to Remand must be denied because Plaintiffs failed to demonstrate that Life Time's employees, Tufford and Johnson, owed independent duties distinct from their employer, or that either was personally involved in

---

[1] ECF No. 8

any activity leading to the minor's alleged injuries. On the face of Plaintiffs' Amended Petition, the clear focus is Life Time's purported failure to supervise by and through its employees. Unlike a lifeguard or motor vehicle operator, Kids Academy employees hold no special licensure, certification, or common law duty, much less a duty to prognosticate abuse. Tufford and Johnson receive no mention for several pages in Plaintiffs' live pleading, and Plaintiffs Motion fails to show a duty owed separate and apart from their employers' obligations.  Ultimately, Plaintiffs' assertions against Tufford and Johnson rank as nothing more than *ipse dixit.*

This is an alleged "child-on-child" sexual abuse case. The crux of Plaintiffs' allegations is that a minor who attended the Life Time Kids Academy allegedly abused Plaintiffs' minor child and was negligently permitted to be in the Academy unsupervised. The alleged abusing minor is, per Plaintiffs' allegation, Defendant Johnson's son (referred to by Plaintiffs as "dangerous child"):

> 15.    Life Time employees, including Defendants Tufford and Johnson, knew or should have known that allowing a 12-year-old male (or any person) to have unsupervised access to much younger children in the Kids Academy created a foreseeable risk of harm, including the risk of sexual abuse.

Plaintiffs' Petition does not speak to any duties owed by Tufford and/or Johnson independent of their roles as Life Time employees. It speaks to duties to enforce Life Time policies and to supervise and report relative to the Kids Academy—not any responsibility outside of their employment. Plaintiffs do not allege that Tufford or Johnson had a direct role in the alleged abuse. While Plaintiffs blanketly assert that Tufford and Johnson knew

or should have known of the alleged abuse or risk of same, they supply no factual support for this assertion.

Plaintiffs make no case that Johnson (or Tufford) knew of the alleged abuse or risk posed to the Plaintiffs' child, which is critical insofar as Plaintiffs cannot make the leap that Johnson (or Tufford) were participants in the alleged harm. This case is distinguishable from *Woolard v. Life Time Fitness, Inc.*, which involved a duty owed by lifeguards who were involved in the tortious act causing the harm. No. 4:23-CV-00844-P, 2023 WL 6388530 (N.D. Tex. Sept. 28, 2023).

Life Time was not a licensed daycare; its Kids Center does not present itself as a daycare, nor is it subject to those regulations. Plaintiffs attempt to rope Johnson and Tufford in through a Family Code reporting requirement, but this gambit fails. But, the Texas Supreme Court holds that Tex. Fam. Code § 261.101 does not give rise to liability under any theory against a person or business. *Perry v. S.N.,* 973 S.W.2d 301 (Tex. 1998); Contra ECF No. 6.

Defendants Tufford and Johnson were improperly sued to defeat diversity. There are no legal grounds to maintain suit against them individually; their citizenship is immaterial and Plaintiffs' diversity to Life Time, a Minnesota corporation, controls. Defendants ask this Court to disregard the citizenship of Tufford and Johnson, dismiss these non-diverse defendants, and exercise subject matter jurisdiction over Life Time.

## TABLE OF CONTENTS

Summary ................................................................................................................. 1

I. PROCEDURAL AND FACTUAL BACKGROUND AND SUMMARY OF ARGUMENT ................. 7

II. ARGUMENTS & AUTHORITIES ............................................................................. 13

  i. There is no reason to sue individual employees for over $1,000,000.00 before joining a corporate defendant – except when the intent is to create an improper jurisdictional issue. ...................................................................................................... 14

    A. *Rule of Unanimity is a procedural defect cured by exception.* .............................. 14

  ii. Life Time's removal is proper because unsupported, conclusory allegations are insufficient to state an independent claim against non-diverse employee defendants... 15

  iii. An Employee's individual liability cannot be established through vague allegations concerning the course and scope of employment. ........................................................ 20

  iv. Civil liability for child abuse reporting under Tex. Fam. Code § 261.101 is foreclosed as a matter of law. ..................................................................................... 22

    A. *Perry v. S.N. rejects § 261.101 as a basis for the existence of a common law duty and standard, and negligence per se claim, in any context.* ............................... 23

  v. There is no negligent hiring, training, supervision, and retention cause of action against individual Defendants. ...................................................................................... 26

  vi. *Woolard*, like other cases Plaintiffs rely on, is inapplicable to the facts of this case, and fail to create an independent legal duty. ................................................................. 27

  vii. Negligent Recitations of duties under the Texas Family Code without evidence or factual assertions do not meet Rule 12(b)(6)-type threshold; they are unsupported. .... 30

III. CONCLUSION & PRAYER ................................................................................. 31

TABLE OF AUTHORITES

CASES

*Aguilar v. Wal–Mart Stores Texas, LLC*, No. 1:14–cv–245, 2015 WL 11023492, at \*3–4 (E.D. Tex. Jan. 6, 2015) ................................................................................ 16, 17

*Breitling v. LNV Corp.,* 86 F. Supp. 3d 564, 570-71 (N.D. Tex. 2015) ............................ 15

*Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990)................................. 14

*Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 287 (Tex. App.—Dallas 2015, no pet.) ...... 29

*Colt v. Hamner,* No. 05-04-00294-CV, 2005 WL 834098 at 2 (Tex. App.—Dallas Apr. 12, 2005, no pet.) ...................................................................................... 26, 27

*Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).......... 17, 28

*Curry v. Lubrizol Corp.*, No. 4:22-CV-03735, 2022 WL 17811395, at \*3 (S.D. Tex. Dec. 19, 2022) (Hoyt, J.) ......................................................................... 22

*de la Torre v. de la Torre*, 613 S.W.3d 307, 312–13 (Tex. App.—Austin 2020, no pet.).. 27

*Doe v. S&S Consol. I.S.D.*, 149 F.Supp.2d 274, 299 (E.D. Tex. 2001) ....................... 25, 27

*Guerrero v. Frankel Family Tr.*, No. 3:21-CV-2273-L, 2022 WL 2053178 at 4 (N.D. Tex. June 7, 2022) ...................................................................................... 9

*Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 146 S. Ct. 724, 224 L. Ed. 2d 209 (2026) ................................................................................................ 23

*HNMC, Inc. v. Chan*, 683 S.W.3d 373 at 380 (Tex. 2024) ................................................ 23

*Houston Area Safety Council, Inc. v. Mendez*, 671 S.W.3d 580, 583 (Tex. 2023) ............ 23

*In re Butt*, 495 S.W.3d 455, 464 (Tex. App.—Corpus Christi 2016, no pet.)........ 12, 22, 31

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016)................................................................................................... 21

*Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) ..................................... 15

*Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)................................................. passim

*Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369 (Tex. 1984) ......................... 9, 10

*Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 636-637 (5th Cir. 2014) .. 16

*Lyle v. 24 Hour Fitness, USA, Inc.* is instructive. No. A-14-CA-300 LY, 2014 WL
5094126, at \*4 (W.D. Tex. Oct. 10, 2014) ................................................................... 18

*Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 & n. 17 (5th Cir. 2018) ................... 15

*Perry v. S.N.,* 973 S.W.2d 301 (Tex.1998) ............................................................... passim

*Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir.2004)
(en banc), cert. denied, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005)
(quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir.2003)) .............. 13, 14, 16, 17, 21

*Summers v. Lowe's Home Centers, LLC*, No. SA-23-CA-00406-XR, 2023 WL
3534392, at \*4 (W.D. Tex. May 17, 2023) ...................................................................... 31

*Tri v. J. T.T*, 162 S.W.3d 552, 562 (Tex. 2005) .......................................................... passim

*Walgreens v. McKenzie*, 713 S.W.3d 394, 399 (Tex. 2025) ............................................ 28

*Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525, 528 (Tex. 2025), reh'g denied
(Sept. 26, 2025) ................................................................................................................. 20

*Woolard v. Life Time Fitness, Inc.,* No. 4:23-CV-00844-P, 2023 WL 6388530 (N.D.
Tex. Sept. 28, 2023) .................................................................................................... 29, 30

## STATUTES

26 Tex. Admin. Code § 745.113 ................................................................................... 7, 25

26 Tex. Admin. Code § 745.117 ................................................................................... 7, 25

Tex. Fam. Code § 261.101 ....................................... 3, 10, 24, 25, 26, 27, 30, 32

Tex. Hum. Res. Code Ann. § 42.041(3) ...................................................................... 7, 25

## CONSTITUTIONAL PROVISIONS

28 U.S.C. § 1441(a) ......................................................................................................... 16

28 U.S.C. § 1441(b)(2) ..................................................................................................... 16

## I. PROCEDURAL AND FACTUAL BACKGROUND AND SUMMARY OF ARGUMENT

1.      Defendants Tufford and Johnson were improperly sued in their individual capacity for negligence, negligent hiring, training, supervision and retention, and gross negligence, for allegations based solely on their employment responsibilities. Plaintiffs' First Amended Petition makes no assertion of intentional acts, nor sets forth a claim that either individual Defendant owed (or allegedly breached) any independent duty of reasonable care apart from their employer's duty. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Tri v. J. T.T*, 162 S.W.3d 552, 562 (Tex. 2005).

2.      Parents A and B sue as next friend of Child A, a minor ("Plaintiffs"). Child A was allegedly abused by another minor while at Life Time's Kids Academy[2] at its Highland Park location; Life Time, Tufford, and the Kids Academy Leader, Fawn Johnson, were sued for negligence and gross negligence.[3] Even in Plaintiffs' Motion to Remand, Plaintiffs do not assert that Tufford or Johnson knew of the alleged abuse or knowingly permitted it to occur.

3.      Tufford filed his Original Answer and Verified Denial on March 2, 2026, in State Court challenging Plaintiffs' attempt to sue him in his individual capacity. Johnson filed a verified denial also challenging the individual capacity in which she was sued.[4]

---

[2] Life Time's Kids Academy ("Academy") provides an exempt short-term care option for Junior Members at its health clubs while parents are on-site using Life Time's premises and services through their Membership. Tex. Hum. Res. Code Ann. § 42.041(3); 26 Tex. Admin. Code § 745.117; 26 Tex. Admin. Code § 745.113.

[3] *See* ECF No. 1 at 19 – 31 Plaintiffs' Original Petition, filed January 29, 2026

[4] *See* ECF No. 1 at 46, Defendant Johnson's Second Amended Answer and Verified Denial, filed on April 1, 2026.

4.      Aside from a nominal reference at the very beginning, Plaintiffs dedicated the first four pages of both Petitions to Life Time, Inc., essentially omitting allegations against the individual Defendants.[5] The tenor of the claims made against Tufford and Johnson sound in simple negligence relating to alleged failure to supervise the Kids Academy relative to their employment roles; neither Plaintiffs' live pleading nor Motion to Remand makes a cogent assertion for an independent (i.e., non-employment-derived) responsibility to prevent unknown alleged abuse. This is unlike a lifeguard or automobile scenario in which the employee actor has an independent duty by virtue of licensure; Tufford and Johnson are not convincingly alleged to have such duties.

5.      After Tufford and Johnson appeared and answered, Plaintiffs immediately joined Life Time, Inc., but again failed to allege viable claims against Tufford and Johnson grounded in any independent duties or active involvement in the alleged harm.[6] Plaintiffs level essentially the same generic allegations against all Defendants but refrain from reciting specific individual acts by Tufford or Johnson, or stating that either was aware of risks allegedly presented by the "dangerous child".

6.      Gross negligence[7] and damages amount to blanket assertions against all Defendants collectively without reciting factual allegations distinguishing the alleged acts or omissions, much less establishing the objective element of those claims.[8]

---

[5] *See* ECF No. 1 Orig. Pet. at 20 – 25 and First Am. Pet. at 67 – 71 ¶¶ 1 – 13.
[6] *See* ECF No. 1 at 66 – 81 First Am. Pet., filed March 2, 2026.
[7] *See* ECF No. 1 First Am. Pet. ¶¶ 46 – 48 at 78 – 79.
[8] *Id.* ¶ 50 – 51 and 54 at 79 – 80.

7.      When an employee is joined as a defendant in a negligence action against the employer, liability arises only when that employee owes an independent duty of reasonable care apart from the employer's duty. *Leitch*, 935 S.W.2d at 117; *Tri*, 162 S.W.3d at 562. Defendants Tufford and Johnson were improperly sued to circumvent removal.[9] Plaintiffs' primary focus is Life Time—not the individually-named Defendants. Plaintiffs have not shown direct acts of negligence by either Defendant resulting in injury, nor an actionable independent duty distinct from their employment obligations. These shortfalls are fatal to Plaintiffs' Motion.

8.      Life Time's April 1, 2026, removal was proper despite the improper inclusion of non-diverse individual Defendants. ECF No. 1 Notice of Removal; *See Guerrero v. Frankel Family Tr.*, No. 3:21-CV-2273-L, 2022 WL 2053178 at 4 (N.D. Tex. June 7, 2022) (upholding *Leitch*, disregarding Texas citizenship of improperly joined defendants). Plaintiffs' lawsuit against Tufford and Johnson has no basis in law and their claims fail due to the failure to state viable claims apart from their employer's duty of care. *Leitch*, 935 S.W.2d at 117.

9.      Plaintiffs assert that Johnson breached her "own duties" as a child caregiver by "[p]ermitting her own 12-year-old child to be present and to have special access to Kids Academy children in violation of Life Time policies and procedures," thereby implicating her role as a Life Time employee. Plaintiffs also misdirect this Court to *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369 (Tex. 1984), but that case is distinguishable—it

---

[9] *See* ECF No. 1 Defendant Life Time, Inc.'s Notice of Removal.

was a business disparagement case in which the individual defendant directly participated in the libel. *Id.* at 375. By comparison, Tufford and Johnson are alleged to have failed to supervise the Kids Academy, a role for which they were employed, which is indistinguishable from Life Time's obligations.

10.     While Plaintiffs assert that individual defendants can be held liable for failure to report abuse under Tex. Fam. Code § 261.101(a), (b), Texas law forecloses such liability. *Perry v. S.N.,* 973 S.W.2d 301 (Tex. 1998); contra ECF No. 1 ¶ 45 at 78. For the same reasons, Johnson and Tufford cannot be held negligent on these grounds. Contra ECF No. 1 ¶ 43–45 at 76–78.

11.     Plaintiffs allege Defendant Tufford, "Life Time employee" and "General Manager of the Life Time facility at the Highland Park location […] was the highest ranking Life Time employee […] responsible for day-to-day operations of the entire facility, including Kids Academy."[10] Though Plaintiffs sued Tufford Johnson in their individual capacities and for improper reasons, an examination of their allegations against them are grounded not in any independent duty, but rather in, for example, Tufford's capacity as Life Time employee:

 a. Overseeing all operations at the Life Time facility at the Highland Park location, including Kids Academy;
 b. Hiring, training, supervising, and disciplining employees, including Kids Academy staff such as Defendant Fawn Johnson;
 c. Ensuring adequate staffing levels throughout the facility, including Kids Academy;
 d. Implementing and enforcing Life Time's policies and procedures, including child safety policies;

---

[10] *See* ECF No. 1 First Am. Pet. ¶¶ 15, 22, 23, 25, and 44 at 71 – 74, 77.

e. Ensuring compliance with applicable laws and regulations, including Texas childcare licensing requirements;

f. Ensuring the safety of all members, guests, and children at the facility;

g. Receiving and responding to complaints, incident reports, and safety concerns;

h. Reporting incidents to Life Time corporate and, where required, to regulatory authorities; and, Ensuring age-appropriate separations and age-appropriate attendance at the Kids Academy at the Life Time facility at the Highland Park location to prevent the foreseeable event of sexual abuse or assault committed by an older child upon a much younger child.[11]

12.    The allegations against Johnson are similar and arise solely from her employment duties: "At all times relevant, Defendant Fawn Johnson was the assistant manager and event supervisor at the Life Time Kids Academy."[12]

13.    Plaintiffs' allegations effectively negate the claims against Tufford under *Leitch, Tri,* and other settled law.[13] As pled, the claims against Tufford relate exclusively to his role as general manager; no allegation is made of any independent duties owed which can be extricated from that role. The same is true for Johnson.[14]

14.    Plaintiffs fail to establish that these responsibilities exist outside of Johnson and Tufford's roles as Life Time employees; the references to the Kids Academy and Life Time policies solidify their posture—their duties owed are exclusively tethered to their employment roles.[15] This is not a case wherein the employee owed an independent duty, such as an employed driver or medical professional. The allegations amount to nothing

---

[11] *See* ECF No. 1 First Am. Pet. ¶¶ 22 – 28 at 73 – 75.
[12] *See* ECF No. 1 First Am. Pet. ¶¶ 26 at 74.
[13] *See e.g.,* ECF No. 1 First Am. Pet. ¶¶ 21 – 28 at 73 – 75.
[14] *See* ECF No. 1 First Am. Pet. ¶¶ 26 – 27 at 74.
[15] *See* ECF No. 1 First Am. Pet. ¶¶ 22 – 28 at 73 – 75; *see also* ECF No. 6 Brief Section III at 8.

more than assertions that Tufford and Johnson failed to do their jobs in ensuring the safety of the Kids Academy.

15.    Plaintiffs do not distinguish the claims against Life Time and the individual Defendants, nor the damages emanating from their respective alleged negligence; rather, Plaintiffs aggregate all Defendants and assert that injuries were a "direct and proximate result of the actions and omissions of **Life Time and its employees**."[16] This aggregation confirms no viable claims are levelled against the individuals outside of their employment roles.

16.    Plaintiffs make no allegation that Tufford or Johnson owed Plaintiffs any duty independent of their employment. Plaintiff's causes of action repeatedly refer to, and solely arise from, their roles and responsibilities as employees of Life Time.[17]

17.    The claims against Tufford and Johnson are insufficient to defeat diversity here because: (a) Plaintiffs fail to plead facts that individual Defendants owe a duty of care "distinct from what the corporation owes"[18]; (b) Texas law does not permit recovery against a mere employee for negligence attributable to an employer; and (c) Plaintiffs' allegations are conclusory, identical, and effectively seek mingled damages from both Life Time and individual Defendants based on the same allegations.

18.    As such, Defendant respectfully requests the court deny Plaintiffs' Motion to Remand finding diversity jurisdiction existed at the time of removal.

---

[16] *See* ECF No. 1 First Am. Pet. ¶¶ 28 and 46 – 51 at 74, 78 – 79.
[17] *See* ECF No. 1 First Am. Pet. ¶ 44 at 76.
[18] *See In re Butt*, 495 S.W.3d 455, 464 (Tex. App.—Corpus Christi 2016, no pet.).

## II. ARGUMENTS & AUTHORITIES

19.     The Fifth Circuit recognizes two grounds on which a court may find that a defendant was improperly joined: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir.2004) (en banc), cert. denied, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir.2003)).

20.     Defendants argue that the second of these grounds is applicable, as Plaintiffs cannot establish a cause of action against Tufford or Johnson in state court. In effect, "there is no possibility of recovery" by Plaintiffs against Tufford or Johnson, "which, stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. In making this decision, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. The Fifth Circuit has stated that:

> the standard for judging fraudulent joinder claims of this sort is clearly established in this circuit: After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned.

*Carriere v. Sears, Roebuck & Co*., 893 F.2d 98, 100 (5th Cir.1990).

21.     But, it cautions, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000)).

22.     Plaintiffs' allegations against Tufford and Johnson are, at most, theoretical; they fail in any meaningful detail and fail under a liberal 12(b)(6)-type analysis.

23.     Plaintiffs Motion does not establish anything beyond the mere theoretical and hyperbolic and relies on cases which are outright inapplicable or distinguishable on their face. While the Plaintiffs attempt to make "hay"[19] by using pro-forma language to imply Tufford and/or Johnson were independently liable for creating the subject condition under which the alleged abuse happened, their live pleading, at best, offers boilerplate without critical details, fails to describe a legally cognizable independent duty, fails to show Tufford or Johnson's direct involvement in the alleged harm,  and steamrolls over the fact that this case emanates from purported abuse which even Plaintiffs cannot say was known or could be foreseen by these non-diverse Defendants.

24.     Defendants will address Plaintiffs arguments in kind.

**i. <u>There is no reason to sue individual employees for over \$1,000,000.00 before joining a corporate defendant – except when the intent is to create an improper jurisdictional issue</u>.**

**A. *Rule of Unanimity is a procedural defect cured by exception*.**

25.     Plaintiffs assert that the Rule of Unanimity precluded removal.

---

[19] https://grammarist.com/usage/make-hay/

26.     The failure of all defendants to join in the removal petition is a procedural defect rather than a jurisdictional defect. *Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 & n. 17 (5th Cir. 2018). Exceptions to the unanimity rule include when "a defendant is merely nominal, unnecessary, or formal party-defendant," the removed claim is separate and independent under § 1441(c), or the defendant is improperly joined. *See Breitling v. LNV Corp.,* 86 F. Supp. 3d 564, 570-71 (N.D. Tex. 2015). Contra ECF No. 6 Section I at 19.

27.     A removing defendant "need not obtain the consent of a co-defendant that the removing party contends is improperly joined." ECF No. 1 ¶ 2 at 56; *Mauldin,* 757 F. App'x at 309 (quoting *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007)); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) (such a requirement would be "nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

28.     It would be nonsensical that Tufford must consent to removal when both Life Time and Tufford contend he is not a proper party in his individual capacity. Tufford was improperly joined and his consent to removal does not render Plaintiffs' Motion to Remand valid.

### ii. Life Time's removal is proper because unsupported, conclusory allegations are insufficient to state an independent claim against non-diverse employee defendants.

29.     The Parties agree federal courts are courts of limited jurisdiction. Jurisdictional facts are determined at the time of removal. *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 636-637 (5th Cir. 2014). (citing 28 U.S.C. §

1441(b)(2)).*Id.*, 955 F.3d 482, 487 (5th Cir. 2020) (citing 28 U.S.C. § 1441(a)). But the "forum-defendant rule" prohibits removal in diversity cases if any "properly joined and served" party is a citizen of the State in which the action is brought. *Tex. Brine Co., LLC v. Am. Arbitration Ass'n, Inc.* "A defendant may remove a civil case brought in state court to the federal court in which the case could have been brought."

30.    This rule does not bar removal if an in-state defendant has been improperly joined. *Aguilar v. Wal–Mart Stores Texas, LLC*, No. 1:14–cv–245, 2015 WL 11023492, at *3–4 (E.D. Tex. Jan. 6, 2015) (citing *Smallwood*). Improper joinder can be established by showing: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood*, 385 F.3d at 573. Under the second prong, which applies here, the court asks whether there is any "reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Aguilar*, 2015 WL 11023492, at *4.

31.    When determining whether a defendant was improperly joined, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. The court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* If the plaintiff has stated a claim but "*has misstated or omitted discrete facts* that would determine the propriety of joinder," the court can "pierce the pleadings and conduct a summary inquiry." *Id.* The court resolves all genuinely disputed questions of fact and ambiguities in state law in favor of the plaintiff. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). If there is no reasonable

possibility of recovery against the in-state defendant, that defendant's citizenship is disregarded. *Smallwood*, 385 F.3d at 574.

32.    Here, Plaintiff's live Petition contains only conclusory allegations against Tufford and Johnson, the improperly sued forum defendants.[20]

33.    *Lyle v. 24 Hour Fitness, USA, Inc.* is instructive. No. A-14-CA-300 LY, 2014 WL 5094126, at *4 (W.D. Tex. Oct. 10, 2014). *Lyle* involved a claim against 24 Hour Fitness and a club manager for injuries sustained by a member's child at the gym's "Kids Club." *Id.* at *1. Like Plaintiffs here, Lyle asserted that the manager created a dangerous situation by "actively and negligently" failing to provide a safe play area, and argued the manager had an individual and separate duty to the minor. *Id.* at *3–4. The court denied remand, finding Lyle "overstates the scope of her pleadings" because she "did *not* plead Rivera was either personally involved in, or directed, any activity leading to [the minor's] injuries." *Id.* at *4–5.

34.    Although the petition in *Lyle* was less verbose than Plaintiffs' here, the fact remains that Plaintiffs do not state that Tufford or Johnson was personally involved in, or directed, any activity leading to the minor's injuries. Contra ECF No. 6 Brief Section F at 15. At most, they failed to do their jobs.

35.    *Leitch* overlays a two-step analysis. Before an individually named defendant's conduct is evaluated, an independent duty must first be assessed. The Court found the Court of Appeals erred "because it did not properly analyze the ***source*** of the

---

[20] *See* ECF No. 1 First Am. Pet. ¶¶ 22 – 28 at 73 – 75 and ¶¶ 44 – 48 at 77 – 79.

duty breached in this case." *Leitch*, 935 S.W.2d at 118. Only once a court determines that an independent duty exists should it then look at whether the employee directed or participated in the tortious conduct.

36.    In *Leitch*, an employee sued both his employer and certain corporate officers for negligence. The jury found all defendants negligent, and the court of appeals affirmed because "there was evidence that the [employees/officers] took an active role in managing the daily operations." The Supreme Court reversed, holding the court of appeals "did not properly analyze the ***source*** of the duty breached." *Id.* Simply failing to do their job did not create an independent source of duty.

37.    The Supreme Court reiterated this approach in *Tri v. J.T.T.*:

> The defendants are correct that *a negligence finding against an individual does not automatically result in individual liability* when the individual was acting as the agent or employee of a corporation. Corporations can, of course, only act through individuals… **Individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.**

*See Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005).

38.    The *Tri* Court continued, "[t]he *legal effect* of [a] jury's negligence finding against [an employee] remain[s] a matter to be determined by the court, not the factfinder." *Id.* at 563. Thus, whether an "independent duty" exists is a separate and distinct analysis from breach/negligence.

39.    Plaintiffs ignore consideration of whether Tufford and/or Johnson owe an independent duty, conflating the two inquiries. The second *Leitch* element is itself wanting; Plaintiffs do not articulate Tufford or Johnson's direct involvement in the alleged injurious

conduct. At most, Plaintiffs alleged a theoretic and indirect claim, but do not show either Defendant's personal role in creating the danger—only alleged failures resulting in the condition where the alleged abuse occurred. But creating mere conditions under which tortious activity happens is not actionable under Texas law.

40.    As recently iterated by the Texas Supreme Court in *Werner Enterprises, Inc. v. Blake*, a negligent actor incurs liability only for damages proximately caused by his negligence. *Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525, 528 (Tex. 2025), reh'g denied (Sept. 26, 2025).

41.    Proximate cause is not established merely by proof that the injury would not have happened but for the defendant's negligence. *Id.* Proximate cause requires proof that the defendant's negligence was a substantial factor in causing the injury, incorporating "the idea of responsibility" into the question of causation. *Id.* (citing *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991)). Even if the defendant's negligence is part of the causal chain, the defendant is not liable if his involvement was a mere "happenstance of place and time." *Id.* Liability falls only on a party whose substantial role in bringing about the injury is such that he is "actually responsible for the ultimate harm"—not on participants whose actions merely "created the condition which made the injury possible." *Id.* (citing *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 803 (Tex. 2004)).

42.    Even assuming Plaintiffs' pleadings establish a duty owed by Tufford and/or Johnson beyond Life Time's duty, Plaintiffs still failed to show foreseeability or that their alleged negligence did anything beyond "creating the condition which made the injury possible."

43.    Even assuming Plaintiffs' allegations survive a 12(b)(6)-type inquiry, this Court may pierce the pleadings to conduct a summary-type inquiry because Plaintiffs have "misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. The record conclusively shows no reasonable probability of recovery against Johnson or Tufford; joinder was improper and remand must be denied.

### iii. An Employee's individual liability cannot be established through vague allegations concerning the course and scope of employment.

44.    When an individual is acting as the agent or employee of a corporation, individual liability arises only when the agent or employee owes an independent duty of reasonable care apart from the employer's duty. *Chon Tri v. J.T.T.*, 162 S.W.3d 552, 562-563 (Tex. 2005); *see also Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996).

45.    Plaintiffs' allegations of negligence, negligent training, supervision, retention, hiring, and gross negligence against Tufford and Johnson fail to meet the pleading requirements of the Federal Rules of Civil Procedure. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (confirming that when conducting an improper joinder analysis, the pleading standard is the federal 12(b)(6) standard applied to relevant state law claims). Plaintiffs' claims are conclusory *ipse dixit* that, at most, suggest Tufford and Johnson, through inaction, created a condition under which tortious activity occurred. The only logical conclusion is that Tufford and Johnson were improperly sued to defeat diversity jurisdiction, which is why they were sued before Defendant Life Time.[21]

---

[21] *See* ECF No. 1 First Am. Pet. ¶ 39 at 75.

46.     Ultimately, "[t]he existence of a legal duty is a question of law for the court to decide, and that determination is made 'from the facts surrounding the occurrence in question.'" *Curry v. Lubrizol Corp.*, No. 4:22-CV-03735, 2022 WL 17811395, at *3 (S.D. Tex. Dec. 19, 2022) (Hoyt, J.); *see also Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 181 (Tex. 2004) (holding that whether a legal duty exists is a question of law for the court to decide).

47.     Remand must be denied because Tufford and Johnson are effectively improper defendants and Plaintiffs failed to allege any legal duty distinct from their employment or facts establishing their direct, individual roles in causing the harm.

48.     In *Leitch v. Hornsby*, the Texas Supreme Court of Texas held that for tort claims against employees for negligent acts or omissions that fall within the scope of their job duties, "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." 935 S.W.2d 114 (Tex. 1996). Later, in *Tri v. J.T.T.*, the Texas Supreme Court extended its earlier holding in *Leitch* to cover premises liability actions as well. 162 S.W.3d 552, 562-63 (Tex. 2005).

49.     While there is precedent that an employee who creates a dangerous condition must mitigate it, there is nothing in Plaintiffs' pleading indicating that Tufford or Johnson knew of the alleged danger. *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi 2016, no pet.); *see also City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986). Though Plaintiffs assert Tufford and/or Johnson "knew or should have known" of the risk to the minor, there is no indication that the "dangerous child" was a known danger. Following Plaintiffs' illogic means that <u>all</u> children must be treated as abusive predators as a matter

of course. There is no foundation establishing Tufford and/or Johnson's knowledge, actual or constructive, and thus no duties independent of their employer. *HNMC, Inc. v. Chan*, 683 S.W.3d 373 at 380 (Tex. 2024); *Houston Area Safety Council, Inc. v. Mendez*, 671 S.W.3d 580, 583 (Tex. 2023).

50.    Plaintiffs cite *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 146 S. Ct. 724, 224 L. Ed. 2d 209 (2026), for the proposition that the concept of a plaintiff being "master" of the complaint militates against an improper joinder analysis. *Hain* says no such thing; when joinder is challenged, an examination of the merits under a Rule 12(b)(6)-type analysis is still required. *See e.g.,* Justice Thomas' dissent: "The Fifth Circuit . . . reaffirmed that the improper-joinder doctrine allows federal courts to engage in a 'Rule 12(b)(6)-type analysis' of claims against nondiverse defendants…" *Hain*, 607 U.S. at 436.

51.    Plaintiffs' reliance on *Hain* is inapt. A Rule 12(b)(6)-type analysis of their live pleading reveals neither a duty owed by Tufford and/or Johnson distinguishable from Life Time's, nor direct involvement in the alleged tortious actions. Their alleged acts or omissions are simply those of employees, indistinguishable from those roles.[22] Remand must be denied.

### iv. Civil liability for child abuse reporting under Tex. Fam. Code § 261.101 is foreclosed as a matter of law.

---

[22] *See e.g.*, *Stratford by Next Friend Nyamwaya v. Thyssenkrupp Elevator Co.*, No. 4:19-CV-706-A, 2019 WL 6218318 at 2 (N.D. Tex. Nov. 21, 2019); *Ruth v. Wal-Mart Stores, Inc.*, No. 10-cv-641-F, 2010 WL 11619027, at *3 (N.D. Tex. June 24, 2010); *Peters v. Corona*, No. 3:18-CV-1918-B, 2018 WL 6019809, at *3 (N.D. Tex. Nov. 16, 2018); *Fugitt v. Walmart Stores, Inc.*, No. 3:15-CV-2145-B, 2015 WL 7352194, at *4 (N.D. Tex. Nov. 19, 2015).

52.    Texas shields Tufford, Johnson, and Life Time from liability for all claims involving Tex. Fam. Code § 261.101, which is why Plaintiffs' Brief cited no authority imposing a duty. Contra ECF No. 6 Section E at 13 – 14; Section F at 15 ("child caregiver"), 16 ("childcare personnel); ECF No.1 First. Am. Pet. ¶¶ 44 – 45 at 77 - 78. Remand must be denied when the only claims against non-diverse defendants are baseless.

53.    The contention that Tufford and Johnson are liable for failure to report unknown child abuse is nothing more than a red herring.

54.    First, Plaintiffs' Petition fails to state a negligence *per se* claim. *See e.g.,* ECF No.1 First. Am. Pet. ¶¶ 44 – 45 at 77 – 78. Tex. Fam. Code § 261.101 is not cited anywhere, so any negligence per se claim fails under both Texas and Federal pleading standards.

55.    Second, Texas courts hold there is no legal standard or duty under ordinary negligence, or a negligence *per se* claim, based on Tex. Fam. Code § 261.101.  *Perry v. S.N.,* 973 S.W.2d 301 (Tex.1998).

56.    Although it is not essential to this argument, Life Time's Kids Academy is exempt from Texas licensing requirements and regulation. Tex. Hum. Res. Code Ann. § 42.041(3); 26 Tex. Admin. Code § 745.117; 26 Tex. Admin. Code § 745.113.

57.    Regardless, no legal duty arises against any Defendants in this lawsuit under Tex. Fam. Code §  261.101, which explains why Plaintiffs cited to no authority in their Brief supporting the existence of a negligence per se claim, let alone common law duty.

A. ***Perry v. S.N. rejects § 261.101 as a basis for the existence of a common law duty and standard, and negligence per se claim, in any context***.

58. The Texas Supreme Court's holding in *Perry v. S.N.,* 973 S.W.2d 301 (Tex. 1998) is lethal to Plaintiffs' arguments because it has already been decided that there is no legal duty upon which Tufford and Johnson could be held liable for failure to report or investigate child abuse or provide a safe environment. <u>Contra ECF No. 6 Sections E at 13 – 14; ECF No. 1 ¶¶ 44 – 45 at 77 - 78.</u>

59. The *Perry* court's holding bars Plaintiffs claims against all Defendants because Tex. Fam. Code § 261.101, which "requires persons with knowledge of child abuse to report that abuse to law enforcement or other government agencies," cannot give rise to a negligence per se or gross negligence causes of action. *Perry v. S.N.,* 973 S.W.2d 301 (Tex. 1998); *see also Doe v. Apostolic Assembly of Faith in Christ Jesus*, No. EP-19-CV-240-KC, 2020 WL 1684227, at *14 (W.D. Tex. Apr. 6, 2020) (following *Perry* court's rejection of Family Code § 261.101 as creating duty and standard, "in any context" other than as a potential crime).

60. Claims for negligence per se and gross negligence claims for failure to report physical and sexual child abuse allegedly witnessed at a day-care center were dismissed in *Perry* based on a multi-factor test to determine whether a statutory violation establishes negligence per se. *Perry*, 973 S.W.2d at 309. Licensure status aside, *Perry* is factually similar to the allegations in this case, and as a result, Plaintiffs' central argument for independent liability collapses.

61. *Perry* held that "it is not appropriate to adopt Family Code section 261.109(a) as establishing a duty and standard of conduct in tort" because there was no pre-existing common law duty and:

"[A] decision to impose negligence per se could not be limited to cases charging serious misconduct like the one at bar, but rather would impose immense potential liability under an ill-defined standard on a broad class of individuals whose relationship to the abuse was extremely indirect." *Id.* at 309.

62.    Tufford and Johnson are part of the broad class of individuals the Perry court sought to protect from frivolous lawsuits, such as this.

63.    Courts continue to follow *Perry* under various circumstances to deny private individual causes of action based on an alleged failure to report under § 261.101. *Perry* at 309 (declining to adopt section 261.101 as "establishing a duty and standard in tort" and holding that plaintiff-parents could not maintain claim in negligence per se based on allegation that defendant failed to report child abuse); *Colt v. Hamner,* No. 05-04-00294-CV, 2005 WL 834098 at 2 (Tex. App.—Dallas Apr. 12, 2005, no pet.) (holding plaintiff could not prevail in her defamation suit "on the ground that [defendant] 'broke' section 261.101"); *see also de la Torre v. de la Torre*, 613 S.W.3d 307, 312–13 (Tex. App.—Austin 2020, no pet.) (noting that § 261.101 does not "create private causes of action"); *Doe v. S&S Consol. I.S.D.*, 149 F.Supp.2d 274, 299 (E.D. Tex. 2001) (noting that section 261.101 "does not on its face create a statutory civil cause of action" and holding that plaintiff could not maintain civil action against defendant for failure to report child abuse).

64.    Per *Perry,* Texas rejects civil liability under Tex. Fam. Code § 261.101.[23] Plaintiffs' Motion to Remand should be denied because any claim against Defendants for violation of the Texas Family Code reporting requirement is foreclosed.

---

[23] Plaintiffs' reliance on non-binding authority in a Florida case is baseless. Contra ECF No. 6 Section F at 16 (relying on *A.W. ex rel. Wagner v. Kindercare Learning Ctr., Inc.*, No. 8:10-CV-2862-T-23MAP, 2011 WL 62122 (M.D. Fla. Jan. 7, 2011)) as it runs contrary to Texas law,

**v. There is no negligent hiring, training, supervision, and retention cause of action against individual Defendants.**

65.    Conclusory allegations that individual Defendants such as 'General Manager' Tufford and 'Kids Academy Lead' Johnson were negligent in hiring, training, supervision, ("NHTS") and retention are negated by (1) Texas law holding employers liable instead of individual employees; and (2) Plaintiffs' allegations that "Life Time's failure to hire and train qualified caregivers created an environment that allowed a child to be seriously injured while in their care."[24] Contra ECF No. 6 Plaintiff's Brief Sections D, E at 12 – 13; ECF No. 1 First Am. Pet. ¶¶ 14, 22 – 27, 45(b) – (d) at 71, 73-74, 78.

66.    Contrary to Plaintiffs' contention that Johnson bears personal liability for negligent supervision, training, and retention of Kids Academy staff, and the same for Tufford as to NHTS and retention claims, Texas law does not hold employees or supervisors personally liable. Contra ECF No. 1 First Am. Pet. ¶¶ 22 – 27, 44(d)-(e) & (i)-(j), 45 at 73, 77. According to Plaintiffs, Life Time bears the same liability for these claims as individual Defendants. *See* ECF No. 1 ¶¶ 20 – 28, 42 – 49.

67.    Not every aspect of an NHTS claim, or its existence, has been conclusively decided. *Walgreens v. McKenzie*, 713 S.W.3d 394, 399 (Tex. 2025). Yet, the Texas Supreme Court has ruled definitively on one issue that warrants denial of Plaintiffs' Motion to Remand.

---

discussed above.

68.     NHTS claims "require proof of the employer's negligence in hiring, training, and supervising the employee as well as the employee's subsequent negligent act or omission, both of which must proximately cause the injury." *Walgreens,* 713 S.W.3d at 399 ; *see Endeavor Energy Res., L.P. v. Cuevas*, 593 S.W.3d 307, 311 (Tex. 2019); *see also Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012) (noting cases holding that a negligent-hiring claim would "require[ ] that the plaintiff suffer some damages from the foreseeable misconduct of an employee hired pursuant to the defendant's negligent practices").

69.     Simply put, Tufford and Johnson are not liable as a matter of law because "[n]egligent hiring, supervision, and retention claims focus on the employer's own negligence, not the negligence of the employee." *Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 287 (Tex. App.—Dallas 2015, no pet.); *Lermon v. Minyard Food Stores, Inc.*, No. 05–13–00034–CV, 2014 WL 6466840, at *8 (Tex.App.–Dallas Nov. 19, 2014, no pet. h.) (mem.op.) (citing *Leake v. Half Price Books, Records, Magazines, Inc.*, 918 S.W.2d 559, 563 (Tex.App.–Dallas 1996, no writ)).

70.     No NHTS and retention claims against individual Defendants exist, and their dismissal is required. Conclusory allegations Tufford and Johnson identical to the allegations against Life Time were baseless in law and made for no other purpose than to create an improper basis to challenge jurisdiction.[25] Remand must be denied.

### vi. *Woolard*, like other cases Plaintiffs rely on, is inapplicable to the facts of this case, and fail to create an independent legal duty.

---

[25] *See* ECF No. 1 First Am. Pet. ¶¶ 43 – 48 at 76 – 79.

71.     *Woolard v. Life Time Fitness, Inc*. is factually distinct from this case. <u>Contra ECF No. 6 Brief Section F at 14.</u> In *Woolard*, Judge Pittman granted remand because Texas law had not yet determined whether a lifeguard owes an independent duty to a swimmer who drowned while on duty at a pool. *Woolard,* No. 4:23-CV-00844-P, 2023 WL 6388530 at 4 (N.D. Tex. Sept. 28, 2023). No such ambiguity exists here.

72.     The *Woolard* Court found an ambiguity under Texas law resolved in favor of remand because no case law "reject[ed] the existence of an independent duty owed by lifeguards to swimmers." *Id.* at 3. In actual fact, lifeguards hold licenses. Here, by contrast, Plaintiffs make no allegation that Tufford or Johnson were licensed professionals. 622 S.W.3d 860, 865–66 (Tex. 2021). Further, there is no allegation that anyone knew there was a "dangerous child" on the loose, and no reasonable person would prospectively assume a 12-year-old boy was dangerous. Further, even if a person could control another's conduct, there is no legal duty to do so.

73.     This case differs from *Woolard* because no ambiguity of an independent duty exists as a matter of law. *See Perry*, discussed above. Any duty Plaintiffs contend was owed based on Tex. Fam. Code § 261.101 is void and baseless. Once a court decides a duty or legal standard does not exist for a particular statute, the analysis comes to an end. *See United Rentals*, 668 S.W.3d at 640.

74.     Plaintiffs' allegations fall within cases where courts have found no independent duty involving corporate officers, supervisors, or employees not personally involved. *See e.g., Leitch*, 935 S.W.2d 114 (corporate officer not individually liable for company's failure to provide safe workplace); *Garcia v. Nordex USA*, Inc.,

2019 WL 10093091, at *2 (S.D. Tex. Dec. 10, 2019) (site supervisor improperly joined); *Dargan v. Bridgestone Retail Operations, LLC*, 2018 WL 8546112 (W.D. Tex. Mar. 13, 2018) (store manager improperly joined for negligent supervision); *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (W.D. Tex. 1999) (store manager who allowed defect did not owe independent duty).[26]

75.    Plaintiffs rely on non-binding precedent to support personal liability for an intentional tort, or actual knowledge of a "dangerous child" without alleging it in their Petition. <u>Contra ECF No. 6 Brief Section F at 15–16; ECF No. 1 First Am. Pet. at 67–81.</u>

76.    The Texas active-participant cases are factually distinct. "An employee may face individual liability where he 'directs or participates in a tortious act during his employment' or 'personally creates a dangerous situation that causes injury.'" *Summers v. Lowe's Home Centers, LLC*, No. SA-23-CA-00406-XR, 2023 WL 3534392, at *4 (W.D. Tex. May 17, 2023) (quoting *In re Butt*, 495 S.W.3d 455, 466 (Tex. <u>App.—Corpus Christi</u> 2016, orig. proceeding)). Plaintiffs cite *Burney v. Costco Wholesale Corp.*, but there the plaintiff alleged the individual defendant "*struck her with multiple shopping carts in the Costco parking lot, causing her to fall.*" No. 4:23-CV-94-SDJ-AGD, 2024 WL 1283711 at

---

[26] Compare *Patterson v. Walgreen Co.,* 2013 WL 1824885 (W.D.Tex.2013) (pharmacist may have an individual duty to customer when filling prescriptions); *Alexander v. Lincare, Inc.,* 2007 WL 4178592 (N.D.Tex.2007) (nurses and therapists owe an individual duty of care); *Gonzalez v. Wal–Mart Stores, Texas,* LLC, 2013 WL 1827924 (S.D.Tex.2013) (employees had personal roles in inspecting vehicle that later was involved in rollover accident); *Sackett v. Williams,* Civ. A. No. A–13–CA–755–SS (W.D.Tex. Nov. 18, 2013) (pleadings alleged store manager was the acting manager on the premises at the time of the injury and that he personally exercised control over the display that led to plaintiff's injuries); *Guzman v. Cordero,* 481 F.Supp.2d 787 (W.D.Tex.2007), 481 F.Supp.2d at 790 (individual employee "directly and personally involved in conduct that caused Plaintiff's injuries).

2 (E.D. Tex. Mar. 26, 2024). *Wilson v. Floor* involved an employee who actively participated by "moving trash that was stacked against a wall" causing a wooden board to fall on Plaintiff. *Wilson v. Floor & Decor Holdings, Inc.,* No. 3:23-CV-1343-S, 2024 WL 288996 (N.D. Tex. Jan. 25, 2024). Plaintiffs have not alleged that individual Defendants were acting in any way that created a danger or directly caused harm to Child A.

77.     There is no intentional tort available against either individual non-diverse Defendant. Without a viable right of recovery, Tufford and Johnson were improperly sued to defeat diversity, and denial of remand is necessary.

### vii. Negligent Recitations of duties under the Texas Family Code without evidence or factual assertions do not meet Rule 12(b)(6)-type threshold; they are unsupported.

78.     Plaintiffs repeatedly cite the Texas Family Code as grounds for actionable individual duties, but do so in a notable vacuum—they do not demonstrate any threshold or predicate facts, leaving this Court to simply infer them from beyond the four-corners of their Petition. Contra ECF No. 6 Plaintiff's Brief Sections E at 13; ECF No. 1 First Am. Pet. ¶¶ 14, 22–27, 45(b)–(d) at 71, 73-74, 78.

79.     For example, Plaintiffs cite Tex. Fam. Code § 261.101(a), (b) for the requirement that any person with reasonable cause to believe a child's welfare has been adversely affected by abuse must make a report. Notwithstanding *Perry*, *supra*, foreclosing such liability, Plaintiffs markedly fail to articulate that anyone—including Tufford or Johnson—knew of any abuse to report. Plaintiffs imply all manners of disturbing acts but never state that Tufford or Johnson knew of the alleged risks posed by the "dangerous

child", prospectively or otherwise. Plaintiffs consistently fail to provide the factual connective tissue needed to avoid a 12(b)(6)-type dismissal.

80.    Perhaps the calculus would differ if Plaintiffs asserted that Tufford or Johnson knew of the "dangerous child's" propensity for abuse, but this threshold is dramatically absent. This pulls all claims back to Life Time's duties, if any.

81.    The only causes of action against Tufford and Johnson are negligence and gross negligence.[27] However, these are levelled generally as to all Defendants; no independent basis is asserted against either non-diverse defendant.[28] This is insufficient to predicate individual liability distinct from their duties as employees. Plaintiffs' own Petition refutes the notion that Tufford and/or Johnson owed independent duties of care.[29]

82.    Denial of Plaintiffs' Motion is required.

### III. CONCLUSION & PRAYER

83.    Plaintiffs' general and conclusory allegations fail to establish that Tufford and Johnson owed Plaintiff a duty of care independent of their employment role and Life Time. Equally, they fail to show Tufford and Johnson's involvement in the alleged tort; at

---

[27] *See* ECF No. 1 First Am. Pet. ¶¶ 44 – 47 at 77 – 78.

[28] *Id.* ¶¶ 43 – 47; *See e.g., Bueno v. Cott Beverages, Inc*. 2004 U.S. Dist. LEXIS 4130 (unpublished opinion) (W.D. Tex. 2004) (denying remand where Plaintiff failed to allege manager owed an independent duty outside course and scope of employment and further, alleges respondeat superior against a corporate defendant for responsibility over the negligence of its employee).

[29] *See e.g., Bourne v. Wal-Mart Stores, Inc.,* 582 F. Supp. 2d 828, 837-38 ("Indeed, [plaintiff's] petition refutes the notion of any breach of an independent duty of care by stating that, "Plaintiff's injuries and damages . . . were committed and/or omitted by Defendant, their representatives, agents, and/or servants in the course and scope of their agency and/or representation." Thus, because [plaintiff] has failed to demonstrate the existence of any independent duty on the part of the assistant manager, Texas law precludes a finding against [the manager] in her individual capacity.").

most, they allege a baseless theory without support or logical underpinnings. Texas law is clear: Plaintiffs have no possibility of recovery from Tufford and Johnson as they bear no liability in the individual capacity in which they were sued. A 12(b)(6)-type analysis militates denial of Plaintiffs' Motion.

WHEREFORE, Defendant Life Time, Inc. prays the Court denies Plaintiffs' Motion to Remand, finding removal was proper, and dismiss non-diverse Defendants, Courbin Tufford and Fawn Johnson, pursuant to the Federal Rules of Civil Procedure 12(b)(6) and for all other relief to which Defendant is justly entitled.

Respectfully submitted,

_____

Scott B. Novak
SBN: 24051124
FBN: 777383
snovak@mayerllp.com
Melanie R. Cheairs
SBN: 17763900
FBN: 13434
mcheairs@mayerllp.com
Kristen A. Allison
SBN: 24115043
FBN: 3667462
kallison@mayerllp.com
Alyssa K. McMullan
SBN: 24146314
FBN: 3918936
amcmullan@mayerllp.com

OF COUNSEL:

**MAYER LLP**
1300 Post Oak Blvd., Suite 100B
Houston, Texas 77056
(713) 868-5560
(713) 864-4671 (fax)
***Designated E-service Email: efile2@mayerllp.com***

**ATTORNEYS FOR DEFENDANTS**
**COURBIN TUFFORD AND LIFE TIME, INC**.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 28th day of May, 2026, a true and correct copy of the foregoing instrument was served electronically in accordance with the Federal Rules of Civil Procedure:

<u>**Counsel for Plaintiffs, Parent A and Parent B:**</u>
Charla G. Aldous
Caleb M. Miller
Eleanor O. Aldous
ALDOUS LAW
4311 Oak Lawn Ave, Ste. 150
Dallas, Texas 75219
caldous@aldouslaw.com
cmiller@aldouslaw.com
ealdous@aldouslaw.com

<u>**Counsel for Minor Plaintiff, Child A:**</u>
Steven R. Samples
SAMPLES AMES
460 West Harwood Road
Hurst, Texas 76054
docket@tex.law

**<u>Counsel for Defendant Fawn Johnson:</u>**
William M. Toles
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard, Suite 4000
Dallas, Texas 75201
wtoles@munsch.com


_____
Scott B. Novak