IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARENT A AND PARENT B, AS NEXT FRIENDS OF CHILD A, A MINOR | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:26-CV-01058-N |
| COURBIN TUFFORD, FAWN JOHNSON, AND LIFE TIME INC. | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiffs' Parent A and Parent B, as next friends of Child A, a minor, and Child A ("Plaintiffs"), motion to remand [5]. Because the Court finds that Defendant Johnson was not improperly joined, the Court grants the motion.

## I. ORIGINS OF THE MOTION

This case involves alleged sexual abuse of a minor at Life Time's childcare facility. Plaintiffs filed their Original Petition in the County Court at Law No. 1, Dallas County, Texas. Pls.' Br. Supp. Mot. Remand 6 [6]. They asserted causes of action for negligence and gross negligence against Defendants Life Time, Inc., Courbin Tufford, and Fawn Johnson. Notice of Removal 28 [1]. Tufford was the General Manager of the Life Time facility and Johnson was the assistant manager and event supervisor of the childcare facility where the alleged abuse occurred, called the "Kids Academy." Pls.' Br. Supp. Mot. Remand 8. Defendant Life Time removed this case on the basis of diversity jurisdiction

under 28 U.S.C. § 1332. *Id.* at 4–5. It claimed that Defendants Tufford and Johnson were improperly joined to defeat diversity. *Id.* at 5. Plaintiffs now move to remand for lack of subject matter jurisdiction.

## II. Legal Standard for Remand and Improper Joinder

A defendant may remove a state court suit only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The Court must determine whether jurisdiction exists by considering the claims in the plaintiff's state court petition as it existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, when diversity serves as the basis for removal, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that the parties are citizens of different states. 28 U.S.C. § 1332(a); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden

of proving that the joinder was improper." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). This burden can be met by showing that either (1) there was actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573). To establish the second category of improper joinder, the removing party must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a [nondiverse] defendant." *Id.* Courts conduct a "Rule 12(b)(6)–type analysis" to determine whether a plaintiff has a reasonable basis for recovery against a nondiverse defendant. *Int'l Energy*, 818 F.3d at 200. If the plaintiff's pleadings are sufficient to state a claim under the Rule 12(b)(6) plausibility standard, then there is a reasonable basis to predict that the plaintiff could recover, and joinder is proper. *Id.* at 200–02.

## III. THE COURT GRANTS PLAINTIFFS' MOTION TO REMAND

Plaintiffs argue that this case should be remanded because the Court does not have subject matter jurisdiction due to a lack of complete diversity between the parties. Pls.' Br. Supp. Mot. Remand 4. It is undisputed that Plaintiffs are Texas citizens and that Defendant Life Time is a citizen of Minnesota and Delaware. Notice of Removal 5. The two other Defendants, Tufford and Johnson, are also Texas citizens. *Id.*; Pls.' Br. Supp. Mot. Remand 4. Life Time asserts that this Court has jurisdiction because both Tufford and Johnson were improperly joined. Notice of Removal 5. After reviewing the record, the Court finds that Johnson has not been improperly joined. Because Johnson alone defeats diversity

jurisdiction, the Court does not decide on whether Defendant Tufford was improperly joined, and it remands on Johnson's status alone.

### *A. Johnson Was Not Improperly Joined*

Plaintiffs bring claims of negligence and gross negligence against Johnson, who was the assistant manager and event supervisor at Life Time's childcare facility, "Kids Academy." Pls.' Br. Supp. Mot. Remand. 8. When an employee is sued alongside her employer, she must owe an independent duty of reasonable care apart from the employer's duty to be held individually liable. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Employees are therefore subject to personal liability only when "they breach an independent duty of care." *Id.* "The general rule in Texas 'has always been that a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment.'" *Woolard v. Life Time Fitness, Inc.*, 2023 WL 6388530, at *2 (N.D. Tex. 2023) (quoting *Alexander v. Lincare Inc.*, 2007 WL 4178592, at *3 (N.D. Tex. 2007)). One Texas court has summarized the law as follows: "in all of the cases in which remand [has been] granted, the courts pointed to the fact that the pleadings alleged the [] agent played a *personal* role in creating the dangerous condition at issue, whereas in those in which remand was denied none of the managers were alleged to have had any personal role in creating the danger." *Lyle v. 24 Hour Fitness*, 2014 WL 5094126, at *4 (W.D. Tex. 2014) (emphasis added).

The facts in *Lyle* are quite similar to those in this case. There, the plaintiff, individually and as next friend to a minor child, brought negligence claims against 24 Hour Fitness and a 24 Hour Fitness manager for the injuries suffered by her child at the

supervised kids play facility. *Id.* at *4. 24 Hour Fitness removed the case to federal court on the basis of diversity, and the plaintiffs moved to remand. *Id.* At issue was whether the manager had been improperly joined, and more specifically, whether he owed an independent duty of care to the plaintiff. *Id.* The Court held that joinder of the manager was improper because "no facts showed that [the manager] was involved in, or might have been responsible for, the accident." *Id.* at *4.

Here, unlike the uninvolved *Lyle* manager, the Plaintiffs plead that Johnson, as assistant manager and event supervisor of Kids Academy, was *personally* responsible for supervising Child A during the time of the alleged abuse. Pls.' Br. Supp. Mot. Remand 13. Moreover, they also allege that the perpetrator of the abuse was Johnson's own child and that she used her position to actively provide him with unsupervised access to Child A. *Id.* Providing such access allegedly violated Life Time's age limit policy, being as her son was twelve years old at the time. *Id.* Johnson's role and level of participation is thus distinguishable from the individual defendant in *Lyle*.

At this stage, Life Time must establish that there "is no reasonable basis for the court to predict" that Plaintiffs might be able to recover under Texas law against Johnson for negligent acts committed within the scope of her employment. *Smallwood*, 385 F.3d at 574. Because the Court finds that Plaintiffs have pled sufficient facts to state a plausible claim that Johnson was personally involved in the tortious conduct at issue, the Court finds she was not improperly joined.

## CONCLUSION

The Court finds that Defendant Johnson was not improperly joined. Thus, being as Johnson defeats complete diversity and strips the Court of subject matter jurisdiction, the Court grants Plaintiffs' motion and remands this case to the County Court at Law No. 1, Dallas County, Texas.

Signed November 4, 2026.

David C. Godbey
Senior United States District Judge